UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VERDE SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-2604 |
| | ) | |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| CLE ELECTRIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons discussed herein, Defendant's Motion to Transfer the Case to the United States District Court for the Central District of California, or, in the Alternative, to Dismiss this Case for Lack of Personal Jurisdiction [12] is denied. Status hearing set for 9/25/17 at 9:30 a.m.

**I.  Factual Background**

Plaintiff Verde Solutions, Inc. ("Verde") is an Illinois limited liability company with its principal place of business in Chicago, Illinois. (Cmplt. at ¶ 1.) Defendant CLE Electric, Inc. ("CLE") is a California corporation with its principal place of business in Torrance, California. (Cmplt. at ¶ 2.) CLE was a subcontractor on a construction project that was located in Duarte, California. (Cmplt. at ¶ 10.) Verde supplies energy efficient materials for such projects, and was engaged as a vendor by CLE. (Cmplt. at ¶¶ 7, 12-13.) CLE states that it did not select CLE as a vendor, but that the general contractor on the Duarte project required CLE to purchase materials from Verde. (Dkt. 13, Ex. 1.) As part of the transaction, the parties entered into a Purchase Order Contract; paragraph 14 of that contract states that all matters relating to the contract shall be governed by Illinois law, and that all disputes arising under the contract "shall be subject to the exclusive jurisdiction of the courts of the State of Illinois, to which the parties hereby submit themselves." (Dkt. 26, Ex. 1.) The contract has several portions that are crossed out and

initialed (indicating that the parties made modifications to the contract), but the forum selection clause is untouched. During the course of their business relationship, a dispute arose between the parties, and CLE refused to pay Verde; Verde alleges that CLE owes $141,117.25 for materials provided pursuant to the contract. (Cmplt. at ¶ 38.) Verde filed this suit in the Circuit Court of DuPage Country, Illinois; CLE removed the case to federal court. (Dkt. 1.)

CLE moved for this Court to transfer this case to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1404(a). CLE argues primarily that the forum selection clause is unenforceable under either California or Illinois law. (Dkt. 13 at 5-9.) In the alternative, CLE argues that this Court should dismiss the case for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).

## II.    Discussion

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In most cases, courts considering a motion to transfer "would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Atlantic Marine Constr. Co., Inc. v. United States District Court for the Western District of Texas*, 134 S. Ct. 568, 581 (2013).

> The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." *Stewart,* 487 U.S., at 31, 108 S.Ct. 2239. The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.,* at 33, 108 S.Ct. 2239 (KENNEDY, J., concurring). For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote "the interest of justice," "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases."

2

*Id.*

When a forum-selection clause is present, "[a] court must deem the private-interest factors to weigh entirely in favor of the preselected forum," because the parties have waived the right to challenge the forum "as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 582. Therefore, the Court may only consider public-interest factors in deciding this motion. *See id.* "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clause should control except in unusual cases." *Id.*

Much of CLE's motion and accompanying memoranda are devoted to arguing that the forum-selection clause should not be enforced because it would be inconvenient to CLE and any potential witnesses. As per the Supreme Court's instructions, the Court *must* deem that those factors weigh in favor of enforcing the forum-selection clause. Therefore, the Court rejects CLE's arguments to the extent they rely on such private-interest factors.

The remainder of CLE's motion contends that the forum-selection clause is unenforceable under California and Illinois law. As an initial matter, the Court notes that federal law, not state law, controls in deciding motions to transfer pursuant to Section 1404(a). *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988) ("We hold that federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause and transfer this case to a court in Manhattan").[1] Under federal law, there

---

[1] Even if this Court were to apply state law, both Illinois and California would support a finding that the forum-selection clause is valid. Under Illinois law, a forum-selection clause is *prima facie* valid unless the opposing party shows that enforcement would be unreasonable. *See IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.*, 437 F.3d 606, 611 (7th Cir. 2006). CLE has not provided any reason why enforcing the clause would be unreasonable other than general complaints of inconvenience. Next, CLE relies on Cal. Civ. Proc. § 410.42, to claim that the forum-selection clause is unenforceable under California law. That statute explicitly limits its application to "contract[s] between the contractor and a subcontractor with principal offices in [California]." *Id.* Verde is not a contractor, nor a subcontractor, and does not have principal offices in California. The statute plainly does not apply to this case.

are three reasons articulated in the statute that would allow the Court to transfer the case – convenience of the parties, convenience of the witnesses, and "the interest of justice." As discussed above, the first two are not valid considerations in cases with forum-selection clauses.

That leaves only the "interest of justice." CLE has not articulated any public policy consideration or any reason why this is an "exceptional case" that would allow the Court not to enforce the parties forum-selection clause in the interest of justice. The closest CLE comes to making such an argument is that CLE did not have equal bargaining power in signing the contract, because the general contractor on the Duarte project required that CLE purchase materials from Verde. At best, this demonstrates that CLE did not have a choice on which supplier it chose to supply materials, but it does not establish that CLE was forced to accept the forum-selection clause in the contract. This is borne out by the fact that several of the clauses in the contract are crossed out, altered, and initialed by the parties, thereby suggesting that there was power from both parties to negotiate the terms of the purchase agreement, including the forum-selection clause.[2] There is nothing that would lead the Court to conclude that CLE's bargaining power vis-à-vis the forum-selection clause was so uneven as to ignore that clause in the interest of justice. Therefore, the Court finds that the interest of justice does not mandate a transfer to the United States District Court for the Central District of California, and, in fact, favors upholding the valid forum-selection clause that was included in the parties' contract.

Alternatively, CLE argues that the Court should dismiss the case for lack of personal jurisdiction pursuant to Rule 12(b)(2). CLE signed a contract with an Illinois limited liability company, based in Chicago, with a forum-selection clause that dictated that the parties agreed to litigate any claims arising from that contract in Illinois courts. Quite frankly, the forum-selection

---

[2] Paragraph 1 of the contract is crossed out, and CLE argues that this fact "certainly evidences that the forum selection clause was struck from the sales contract." (Dkt. 13 at 4.) CLE does not explain why that must be so, and the Court does not believe that striking one section of the contract (albeit a paragraph as seemingly crucial as "Acceptance of the Contract") means that all other sections of the contract are rendered void.

4

clause alone would likely be sufficient to support personal jurisdiction (or, more accurately, deem any arguments based on personal jurisdiction waived). *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) ("Where such forum-selection provisions have been obtained through freely negotiated agreements and are not unreasonable and unjust, their enforcement does not offend due process") (internal citations and quotations omitted); *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1292 n. 4 (7th Cir. 1989) ("Obviously, a valid forum-selection clause, even standing alone, can confer personal jurisdiction"). The Court finds that it has personal jurisdiction over CLE and denies the motion on this basis.

## III. Conclusion

For the reasons discussed above, Defendant's Motion to Transfer the Case to the United States District Court for the Central District of California, or, in the Alternative, to Dismiss this Case for Lack of Personal Jurisdiction [12] is denied.

Entered: 9/15/2017

_____
U.S. Magistrate Judge, Susan E. Cox